IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JIMMY F HARRISON**                                                                                              **PLAINTIFF**

**V.**                                      **CASE NO. 4:21-CV-00076-LPR**

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                                                        **DEFENDANT**

**ORDER**

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] Plaintiff requests an award of $6,626.10, representing 30.45 hours of work performed during the years 2020, 2021, and 2022, at hourly rates of $206, $218, and $218, respectively. Plaintiff has submitted information from the U.S. Department of Labor's Consumer Price Index (CPI) as support for the hourly rates requested.[2] The Commissioner has filed a response.[3] She concedes that a fee award is proper, but objects to the number of hours expended on this case. For the reasons discussed below, Plaintiff's motion is GRANTED in part.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[4] On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on an

---

[1] Pl.'s Mot. for Attorney Fees (Doc. 19).

[2] *See* Docs. 19–2, 19–3, 19–4, 19–5.

[3] Def.'s Resp. in Opp'n (Doc. 22).

[4] 28 U.S.C. § 2412(d)(1)(A).

increase in cost of living or another special factor.[5]  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.[6]

The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[7]  Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[8]  The Commissioner does not object to the requested hourly rates for attorney work performed in 2020, 2021, and 2022.  Plaintiff has demonstrated that prior decisions from this district have authorized the hourly rates he has requested.[9]  In light of these prior decisions, and the CPI information Plaintiff has submitted, the Court finds that the requested hourly rates are reasonable.

The Commissioner nevertheless contends that a reduction in hours is warranted.  First, she objects to 1.40 hours spent preparing the *in forma pauperis* application and performing tasks related to service of process.[10]  The Commissioner suggests that the Court instead award only 0.50 hours for those entries.  The Court has reviewed the contested entries.  According to the entries, at least 1.40 hours were spent on these largely administrative tasks.[11]  The Court believes the time

---

[5] *Id*. § 2412(d)(2)(A).

[6] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989).

[7] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[8] *Id*.

[9] Pl.'s Br. (Doc. 20) at 6.

[10] Specifically, the Commissioner challenges entries dated 1/3/21, 1/20/21, 1/27/21, 2/13/21, 3/1/21, 3/7/21, and 3/12/21, for a total of 1.40 hours.

[11] *See Granville House, Inc. v. Dep't of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).  It appears to the Court that the entries cited by the Commissioner total 1.55 hours, rather than 1.40.  The Court will give Plaintiff the benefit of the math discrepancy.

requested is excessive and will accordingly reduce these entries by 0.90 hours as the Commissioner suggests.

The Commissioner also objects to the 0.90 hours billed for tasks related to reviewing the Commissioner's motions for extensions of time and the Court's related orders.[12] The Court again agrees with the Commissioner that the time billed is excessive. The Court will grant a nominal 0.05 hours for each of these five entries, for a total of 0.25 hours. This represents a reduction of 0.65 hours.

Plaintiff's counsel billed 17.50 hours for preparing the brief in this matter. The Commissioner requests a reduction to 15.0 hours because Plaintiff's attorney was already familiar with the case at the administrative level, the brief was less than 16 pages long, and the issues on appeal were non-complex. At least one prior decision from this district has noted that an attorney may reasonably spend 15 to 20 hours preparing a typical brief on appeal.[13] The hours submitted fall squarely within that range, and the Court sees no reason to reduce them.

Finally, the Commissioner seeks a reduction in the number of hours spent preparing the Plaintiff's request for attorney's fees. Plaintiff's attorney has requested compensation for 2.0 hours to prepare the EAJA petition. The Commissioner argues the Court should award 1.50 hours for this entry, which is in line with a prior award this Court granted to Plaintiff's counsel.[14] In the case cited by the Commissioner, the Court found that "[i]dentical filings are routinely prepared in the course of counsel's practice. Very few changes needed to be made, and the only truly unique

---

[12] The Commissioner takes issue with five specific entries dated on 4/23/21, 4/24/21, 5/11/21, and 6/26/21.

[13] *McCarty v. Astrue*, No. 4:11-cv-00022, 2012 WL 2571229, at *3 (E.D. Ark. July 2, 2012) (citing *Kramer v. Apfel*, 57 F. Supp. 2d 774, 775 (S.D. Iowa 1999)).

[14] *See* Order (Doc. 24), *Eoff v. Kijakazi*, No. 4:20-cv-708, 2022 WL 2290495, at *2 (E.D. Ark. Apr. 28, 2022).

portion was the itemization of time that was expended."[15]  Similar circumstances govern this case, and the Commissioner's objection is well-taken.  The Court will reduce this entry by 0.50 hours.

Based on the above, the undersigned awards Plaintiff attorney fees under the EAJA for 1.0 hour in 2020 at a rate of $206; and 27.40 hours (29.45 minus 2.05) in 2021-2022 at a rate of $218.  Plaintiff is thus awarded $6,179.20 in attorney fees and expenses pursuant to the EAJA.  Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of his attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 7th day of December 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[15] *Id*.